**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA YOLANDA VICENTE MALDONADO; et al., | No. 18-72233 |
| Petitioners, | Agency Nos. A202-159-776 |
| v. | A202-159-777 |
| | A202-159-778 |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2021**
Pasadena, California

Before: TALLMAN and OWENS, Circuit Judges, and CHRISTENSEN,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

Irma Vicente Maldonado and her two children challenge the Board of Immigration Appeals' ("the Board") dismissal of her[1] appeal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and will only reverse if the evidence "not only supports a contrary conclusion, but compels it," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citation, emphases, and alteration omitted). We deny her petition.

1. Substantial evidence supports the Board's conclusion that Vicente Maldonado's claims for asylum and withholding of removal fail because she did not establish harm on account of her participation in a "cognizable particular social group" or any other protected ground. The Board determined that Vicente Maldonado's purported social group—"female business owners"—lacked social distinction and was not "perceived as a group by society."

Vicente Maldonado argues that the Board overlooked that her particular social group relies on gender, which she argues is an immutable characteristic. She asserts that the 2016 Department of State, Guatemala Report makes clear that Guatemalan society views women as socially distinct because it includes a section

---

[1] Angela Abagail Xiquin Vicente and Carlos David Vicente Maldonado's applications for asylum are derivative of their mother's because they are both under the age of 21. *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

that documents the country's considerable problems with domestic violence, rape, sexual harassment, and economic inequality.

We decline to decide whether, in Guatemala, gender persecution alone establishes grounds for asylum.[2]  Vicente Maldonado's purported social group of female business owners ties her claims for asylum and withholding of removal to a smaller subclass of women—women who own their own businesses.  Yet Vicente Maldonado points to no immutable characteristic unique to this subclass nor does the record support her theory that Guatemalan society views female business owners as a distinctive group.

2.  The record does not compel reversal of the Board's conclusion that Vicente Maldonado is ineligible for relief under the Convention Against Torture. The Board determined that Vicente Maldonado failed to produce evidence to show the "mistreatment she fears from gangs constitutes torture by or at the instigation of or with the consent and/or acquiescence (including the concept of willful blindness) of a public official" or the Guatemalan government.  Although Vicente Maldonado credibly testified that she twice reported to the police that she had received gang threats before the police took any action, we will not overturn the

---

[2] To the extent Vicente Maldonado now asserts a particular social group based on gender discrimination or her perceived vulnerability as a single mother, these arguments were not brought before the Immigration Judge or the Board and are not considered.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Board's decision where the record also indicates that the police planned to investigate these threats after Vicente Maldonado's third attempt to solicit their involvement.

Vicente Maldonado's petition is therefore **DENIED.**